■ SABADO F. MUNOZ, Respondent, v NEW YORK BUS SERVICE, Appellant. [605 NYS2d 51] —Order of the Appellate Term of the Supreme Court, First Department (Ostrau, P. J., Roccobono and Parness, JJ.), entered March 20, 1992, which affirmed the judgment of Civil Court (Small Claims), Bronx County (Stanley Green, J.), dated September 3, 1991, which awarded plaintiff paid compensation for three weeks vacation, unanimously affirmed, without costs.

Plaintiff left his employment two weeks prior to his anniversary date, at which time he would have been entitled to be paid for the three weeks vacation which would have accrued during the preceding year. Defendant, relying on the collective bargaining agreement, notes that the contract states that "vacation pay shall be paid in the anniversary week of each employee" which defendant construes to mean that the right to vacation pay does not accrue until the anniversary date. However, this phrasing is ambiguous, appearing to refer to the time of payment, rather than the accrual of the right to payment, and does not, by its terms, preclude pro-rated vacation pay for employees who are terminated prior to their anniversary date for that calendar year. Defendant's oral testimony concerning custom and practice does not cure the ambiguity in the contract. Thus, we perceive no error in Civil Court's disposition.

Finally, there is no indication in the record that the union grievance procedure, the outcome of which favored defendant, foreclosed further judicial relief. Concur—Murphy, P. J., Sullivan, Ross and Asch, JJ.